**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EMOGENE S. GERHARD,

    Plaintiff,

vs.                                         CASE NO. 8:02-CV-2271-T-17EAJ

PRESCRIBED PEDIATRIC EXTENDED
CARE, INC., a Florida Corporation
d/b/a PEDIATRIC HEALTH CHOICE,

    Defendant.
_____/

**ORDER**

    This cause is before the Court on: Defendant, PRESCRIBED PEDIATRIC EXTENDED CARE, INC., d/b/a PEDIATRIC HEALTH CHOICE's [hereinafter "PHC"], Dispositive Motion For Summary Judgment, (Dkt. 15); Defendant, PHC's, Notice of Supplemental Authority In Support of Its Dispositive Motion for Summary Judgment, (Dkt. 30); Plaintiff, Emogene S. Gerhard's, Response in Opposition to Defendant's Dispositive Motion for Summary Judgment, (Dkt. 24); Plaintiff, Emogene S. Gerhard's, Response to Plaintiff's Notice of Supplemental Authority, (Dkt. 33).

**BACKGROUND**

    On December 12, 2002, Plaintiff, Emogene S. Gerhard, filed a two count complaint and request for Jury Trial, (Dkt. 1), against Defendant, PRESCRIBED PEDIATRIC EXTENDED CARE, INC., a Florida Corporation, d/b/a PEDIATRIC HEALTH CHOICE, in the U.S. District Court for the Middle District of Florida for alleged violations of the Americans with Disabilities Act of 1990[hereinafter "ADA"], *42 U.S.C. § 1201*, et seq., as amended, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, et seq., (Dkt. 1). Plaintiff states within the Complaint that Plaintiff has met all administrative prerequisites to filing this cause of action against Defendant. Defendant subsequently filed this Motion for Summary Judgment on Count I. (Dkt. 15).

    Plaintiff's Complaint contains one Count for an alleged violation of the ADA, and one Count for an alleged violation of the Florida Civil Rights Act of 1992. Plaintiff states that at all

1

times material to the Complaint, she was a qualified individual with a disability as defined within the ADA. Plaintiff states in her affidavit (Dkt. 26), that she was born with several birth defects, including no right leg below the knee, a club left foot, no left arm below the elbow, and that she has worn a prosthetic leg for almost her entire life. Plaintiff argues that Defendant failed to accommodate her requests and failure is a form of discrimination based upon Plaintiff's disability in violation of 42 U.S.C. § 12112(b)(5)(A) or (B).

In early March 2001, Defendant actively recruited Plaintiff for the position of Assistant Administrator in PHC's Home Health Division. Plaintiff was interviewed by Deborah Fraze and Jenny Moore. Defendant was aware of Plaintiff's physical condition and that Plaintiff was well qualified and met the education, skill, and experience criteria for the job, and therefore, the Defendant offered her the position. Plaintiff was provided a full description of her duties and responsibilities (Dkt. 26) before beginning her employment with Defendant on March 19, 2001 as Assistant Administrator.

Plaintiff alleges that soon after she began employment, Defendant changed her duties to require more walking than discussed during the interview. Due to the increase in walking, Plaintiff developed a "skin breakdown" which is characterized by the layers of her skin wearing off in the area of the prosthesis. On May 16, 2001, Plaintiff had an appointment with Dr. Neri, her internist, for skin breakdown where the prosthesis contacted her leg and was advised to reduce the use of her prosthesis. On May 18, 2001, Plaintiff informed her supervisor, Deborah Fraze, that she was having difficulty walking due to the skin breakdown and could not continue to walk around the city as she had been doing. Defendant changed some of Plaintiff's duties after that date to decrease the marketing and instituted a mandatory 25% patient care requirement.

Plaintiff's condition continued to worsen and on June 20, 2001, Fred Gauthier, a case manager reporting to Plaintiff, resigned and Plaintiff took over his caseload. Plaintiff alleges that the next day, she told Defendant that she needed some adjustments to her job requirements or she would be forced to resign since, the walking had caused further skin breakdown where the prosthesis contacted the leg. Ms. Fraze spoke with her superior, Steve Barry, and the following day informed Plaintiff that they would accept her resignation. On Monday June 25, 2001, Plaintiff told Defendant she had not resigned. Later that day Defendant placed a letter confirming Plaintiff's verbal resignation on her desk.

On June 29, 2001, Plaintiff saw Dr. Neri for the skin breakdown and was advised not to wear the prosthesis for two weeks and given a note which read "No prosthesis for two weeks to right leg secondary to severe skin breakdown." Plaintiff faxed a letter to Defendant later that day informing Defendant again that she had not resigned and also included the doctor's note. The next day, Defendant called Plaintiff to discuss Plaintiff's attempt to arrange for someone else to perform an admission because Plaintiff was on call that day. Defendant stated Plaintiff that would be called the following Monday. Plaintiff alleges she was contacted by Defendant's lawyer, and not by Fraze. Plaintiff alleges that during her employment Defendant failed to reasonably accommodate Plaintiff for her disability and eventually discharged her by accepting a resignation she did not give.

## STANDARD OF REVIEW

This circuit clearly holds summary judgment is only entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. See *Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983)*. All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. See *Hayden v. First Nat'l Bank of Mt. Pleasant, 595 F.2d 291 (5th Cir. 1969).* Factual disputes preclude summary judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The moving party bears the burden of proving that no genuine issue of material fact exists. See *Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*. A material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*.

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176*

*(1962); Evans v. Meadow Steel Products, Inc., 579 F. Supp. 1391, 1394 (N.D.Ga. 1984).* The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. See *Liberty Lobby, Inc., 477 U.S. at 249.* If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial, summary judgment should be granted. See *Jones v. Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989)* (citing *Celotex, 477 U.S. at 324-25*).

## DISCUSSION

Defendant PHC claims that Plaintiff failed to make a *prima facie* case and argues that: 1) Plaintiff's disability was temporary and not within the meaning of the ADA; 2) Defendant accommodated Plaintiff's requests; 3) Plaintiff's request for an accommodation was unreasonable because it removed essential functions of her job; 4) Defendant was not required to accommodate Plaintiff when she could perform the essential functions of her job; 5) Defendant's refusal to eliminate essential functions from Plaintiff's job was not constructive discharge; and, 6) Plaintiff cannot establish a discharge claim. Defendant also argues that Plaintiff has not explained away the apparent inconsistent prior claim of total disability for social security disability insurance (SSDI) benefits and the ADA claim that Plaintiff could now perform the essential functions of her job with or without reasonable accommodation.

### I.   Americans With Disabilities Act

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees." *42 U.S.C. § 12112(a)*. The Eleventh Circuit has stated that the elements of an ADA claim are that:

> (1) [the plaintiff] has a disability;
>
> (2) [the plaintiff] is a qualified individual; and
>
> (3) [the plaintiff] was subjected to unlawful discrimination because of [his] disability.

**a. Disability**

"Disability" is defined by the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual...." *42 U.S.C. § 12102(A).* A physical impairment includes "any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more bodily system." See *Sawinski v. Bill Currie Ford, Inc.,*

4

CASE NO. 8:02-CV-3371-T0-17EAJ

*866 F. Supp. 1383 at 1386 (citing 29 C.F.R. § 1630.2).* Evidence tending to indicate the existence of an impairment that limits life activities brings about a factual question as to "whether those symptoms substantially limited a major life activity." See *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1134 (11th Cir. 1996); *Zillyette v. Capital One Financial Corp.*, 1 F. Supp. 2d 1435, 1441 (M.D.Fla. 1998); *Sawinski*, 881 F. Supp. at 1573.

Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *29 C.F.R. § 1630.2(i).* If a plaintiff's impairment does not substantially limit a major life activity, the plaintiff is not disabled under the ADA or the FCRA and cannot recover for alleged disability discrimination. The determination of whether an impairment substantially limits one or more of a plaintiff's major life activities should be made on a case-by-case basis. *See Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 880 (M.D.Fla. 1996)(citing Elstner v. Southwestern Bell Telephone Co., 659 F. Supp. 1328, 1342 (S.D.Tex. 1987)).*

Defendant claims that summary judgment is warranted because Plaintiff does not have a disability covered by the ADA.  Defendant states in its Dispositive Motion for Summary Judgment that Plaintiff's disabling condition of the skin breakdown was temporary and as such, not a "disability" as defined by the ADA.

Plaintiff asserts in her affidavit (Dkt. 26) that she has been disabled since birth and that she is unable to function to the same extent as the average person in society and requires assistance in walking and lifting.

In light of the information contained in the record of this case, the Court finds that a genuine issue of material fact exists as to whether Plaintiff's alleged disability substantially limits a major life activity.  As such, summary judgment is not proper.

**b. Accommodation**

For Plaintiff to establish a *prima facie* case of discriminatory discharge, she must show that she is a qualified person with a disability, and that Defendant discriminated against her because of her disability by failing to provide a reasonable accommodation.  *Davis v. Ford, Lincoln-Mercury, Inc.*, 932 F. Supp. 1389, 1391 (M.D.Fla. 2000).

In support of summary judgment, Defendant argues that Plaintiff never made a specific demand for an accommodation on either May 18, 2001 or June 21, 2001; therefore, it had no duty to provide one, citing *Gaston v. Bellingrath Gardens & Home, Inc.* 167 F.3d 1362 (11th Cir.

5

*1999).* Within Defendant's Dispositive Motion for Summary Judgment, Defendant assumes for the purpose of summary judgment that Plaintiff's statements to her supervisor were requests for accommodations. Defendant states that it accommodated Plaintiff; even though Defendant claims Plaintiff was always able to perform all her job duties, by reducing the marketing and recruiting aspect, which it states was an essential function to her job and later assigning Plaintiff an assistant. Defendant also asserts, for the purposes of this motion, that the accommodation Plaintiff sought removed "essential functions" of Plaintiff's job.

In Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff argues that Defendant was put on sufficient notice that Plaintiff requested an accommodation when she spoke to Defendant about being unable to continue walking around the city, and Defendant did not engage in an "interactive process" with Plaintiff to determine a reasonable accommodation. Plaintiff alleges that the accommodation she sought was not a removal of "essential functions" of her job because the patient care portion was not discussed during her interview or in her job description. Plaintiff claims that the accommodations Defendant provided eliminated a requirement that was not contained in her Position Description (Dkt. 26, Exhibit A), and the 25% patient care accommodation increased the physical demand and resulted in even greater hardship to Plaintiff.

At issue is whether Defendant was on sufficient notice of the need for an accommodation by Plaintiff's statements to Defendant during the two occurrences, and, if so, was a reasonable accommodation provided. Also at issue is the "essential functions" of Plaintiff's job. The Equal Employment Opportunity Commission's, interpretive guidelines provide that "Employers are obligated to make reasonable accommodation only to the physical or mental limitations resulting from the disability of a qualified individual with a disability that is known to the employer. Thus, an employer would not be expected to accommodate disabilities of which it is unaware. If an employee with a known disability is having difficulty performing his or her job, an employer may inquire whether the employee is in need of a reasonable accommodation. In general, however, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *29 C.F.R. 1630 App. § 1630.9.* The guideline further states that "However, in some instances neither the individual requesting the accommodation nor the employer can readily identify the appropriate accommodation." In view of the factual disputes in the record as to "sufficient notice" of a request for accommodation, the provision of an

6

accommodation, and the "essential functions" of Plaintiff's job duties, genuine issues of material fact exist as to whether Defendant had "sufficient notice," accommodated Plaintiff, and Plaintiff's request for an accommodation removed "essential functions" of her job. Therefore, summary judgment is improper.

### c. Discrimination

For Plaintiff to establish a prima facie case, she must not only have a disability and be a qualified individual, but also show that Defendant discriminated against her because of her disability. When determining whether a plaintiff was discriminated against based on the plaintiff's alleged disability, the burden shifting analysis used in analyzing Title VII employment discrimination cases is applied. *Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000).* After Plaintiff establishes a *prima facie* case of discrimination the burden shifts to the defendant.

The defendant is only required to produce a nondiscriminatory reason for the alleged discriminatory actions. Once the defendant satisfies the burden of production, the plaintiff is required to prove by a preponderance of evidence that the defendant employer possessed a discriminatory intent. *Texas Dept. Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).*

In the case at hand, Plaintiff states throughout the record that Defendant discriminated against Plaintiff based on Plaintiff's alleged disability. Specifically, Plaintiff states that Defendant accepted a resignation she did not tender after Plaintiff informed Defendant that she needed an accommodation or might have to resign. Plaintiff has provided an affidavit of a former employee disputing when the position was created and the "essential functions" of the job she accepted. In the affidavit the employee testified that the position of Assistant Administrator was created for her in 1995, the patient care portion of the position was minimal. Plaintiff alleges that Defendant not only failed to provide reasonable accommodation, but changed Plaintiff's duties to increase the amount of walking.

In light of the previously mentioned information, the Court finds that Plaintiff has provided the Court with sufficient information to withstand Defendant's Motion for Summary Judgment as to whether Plaintiff was discriminated against based on Plaintiff's disability. As such, Defendant must produce at least one nondiscriminatory reason for allegedly taking the actions complained of. Defendant has provided testimony that Plaintiff resigned and was not

discharged and Defendant provided reasonable accommodations. Plaintiff has provided evidence supporting the discrimination claim, therefore, Defendant's Dispositive Motion for Summary Judgment must be denied.

### d. Concurrent SSDI and ADA Claims

In *Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999)*, the Supreme Court of the United States stated that:

> The Social Security Disability Insurance (SSDI) program provides benefits to a person with a disability so severe that she is "unable to do [her] previous work" and "cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." § 223(a) of the Social Security Act, as set forth in 42 U.S.C. § 423(d)(2)(A). This case asks whether the law erects a special presumption that would significantly inhibit an SSDI recipient from simultaneously pursuing an action for disability discrimination under the Americans with Disabilities Act of 1990 (ADA), claiming that "with . . . reasonable accommodation" she could "perform the essential functions" of her job. § 101, 104 Stat. 331, 42 U.S.C. § 12111(8).
>
> We believe that, in context, these two seemingly divergent statutory contentions are often consistent, each with the other. Thus pursuit, and receipt, of SSDI benefits does not automatically estop the recipient from pursuing an ADA claim. Nor does the law erect a strong presumption against the recipient's success under the ADA. Nonetheless, an ADA plaintiff cannot simply ignore her SSDI contention that she was too disabled to work. To survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim that she could "perform the essential functions" of her previous job, at least with "reasonable accommodation." *Id. At 797.*

In order to survive a defendant's motion for summary judgment, a plaintiff that is receiving SSDI benefits and is also claiming disability discrimination under the ADA, " must explain why that SSDI contention is consistent with [his or her] ADA claim that [he or she] could 'perform the essential functions' of [his or her] previous job at least with 'reasonable accommodation.'" *Id. At 798.*

In the instant case, Plaintiff has stated within the record, and has provided evidence to support her contention, that a reasonable explanation exists to show how Plaintiff's SSDI contention is consistent with Plaintiff's ADA claim that Plaintiff could "perform the essential functions" of Plaintiff's job with reasonable accommodation. According to Plaintiff, it was only after Defendant changed Plaintiff's duties that were not discussed in the initial interview and job description, that Plaintiff began experiencing difficulty performing her job duties. Plaintiff also states in her response to Defendant's Notice of Supplemental Authority that the SSDI application

8

CASE NO. 8:02-CV-3371-T0-17EAJ

provides no place for Plaintiff to explain nor asks if Plaintiff could perform her job with an accommodation. Plaintiff's affidavit indicates that her prosthesis no longer fit because of swelling due to the removal of it for an extended amount of time per her doctor's orders. Plaintiff also states that she could have continued working had Defendant provided her a reasonable accommodation and would not have applied for SSDI benefits.

After review of Plaintiff's response to Defendant's Dispositive Motion for Summary Judgment and Notice of Supplemental Authority, the Court finds that Plaintiff has provided an "explanation sufficient to warrant a reasonable juror to conclude that, assuming the truth of, or the Plaintiff's good faith belief in, the earlier statement, the Plaintiff could nonetheless 'perform the essential functions" of her job, with or without reasonable accommodation.'" *Cleveland at 807*. Accordingly, it is

**ORDERED** that the Defendants' Dispositive Motion for Summary Judgment (Dkt. 15) be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 16th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record